IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER J. BOSAK,** ) <br> No. M36527, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> **RICHARD ARNOLD,** ) <br>  ) <br> Defendant. ) | Case No. 16-cv-00473-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Christopher J. Bosak, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, after being prohibited from taking possession of religious books he had ordered.[1]

Plaintiff's books were rejected by order of the prison chaplain, Defendant Richard Arnold—purportedly for "security reasons." Plaintiff was asked to complete a form indicating to whom the books could be sent, or authorizing their destruction. Plaintiff opted to file a grievance, arguing that he had a right under the First Amendment to possess the books, which were related to his religious beliefs. After his counselor rejected the grievance on April 3, 2016, Plaintiff filed the present action on April 29, 2016. He seeks the return of the books, the cost of the books ($16. 35), as well as $50,000 in punitive damages.

---

[1] WITCHES' CRAFT; MODERN WITCHES' COMPLETE SOURCEBOOK; and AMERICA BEWITCHED.

This case is now before the Court for a preliminary review of the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, and for consideration of Plaintiff's request for a temporary restraining order ("TRO") and preliminary injunction (Doc. 3). Because Plaintiff seeks a TRO, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

### Discussion

On its face, the complaint is clearly premature and must be dismissed. Furthermore, neither a TRO nor a preliminary injunction is warranted.

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). Under Section 1997e(a), a prisoner's suit must be dismissed if it is determined that administrative remedies have not been exhausted. *See Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir. 1999). Exhaustion is a precondition to filing suit, so that an attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez,* 182 F.3d at 536–537.

Failure to exhaust administrative remedies is *not* a pleading requirement; rather, it is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nevertheless, by

detailing his efforts to exhaust administrative remedies Plaintiff has pleaded himself out of court. If it is clear from the face of the complaint that the plaintiff has not exhausted his available remedies, the district court may dismiss the complaint *sua sponte*. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

According to the complaint and supporting documentation, Plaintiff submitted a non-emergency grievance to his counselor on March 25, 2016, which was denied by the counselor on April 3 (*see* Doc. 1, pp. 3, 8). As the grievance form itself reflects, if a grievance is denied by a counselor, the grievance must be submitted to a grievance officer, and the grievance proceeds to the chief administrative officer of the facility, and then on to the Administrative Review Board (*see* Doc. 1, p. 8). *See also* 20 Ill. Adm. Code §§ 504.810-504.850 (prescribing the administrative process). Plaintiff specifically states in the complaint that he is seeking an injunction to prevent the destruction of his property *during the administrative remedy process* (Doc. 1, p. 4, ¶ E; *see also* Doc. 3, p. 1). Consequently, Plaintiff has not met the preconditions for filing suit and this action must be dismissed. Dismissal shall be without prejudice.

*Motion for TRO and Preliminary Injunction*

Out of an abundance of caution, the Court will briefly address Plaintiff's motion for a TRO and preliminary injunction (Doc. 3), although without a viable complaint the Court lacks jurisdiction to order injunctive relief.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO

may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

As the complaint is pleaded, there is no present risk of serious injury, nor is there a substantial risk of serious injury in the immediate or foreseeable future. Plaintiff does *not* state that he is being denied the right to practice his religion *per se*; instead, he contends he is being denied religious books and does not want them to be destroyed (*see* Doc. 1, p. 4; Doc. 3). Thus, the thrust of the complaint and motion for injunctive relief is to prevent the destruction of his property. According to the complaint, Plaintiff has been given the option of having the books sent to someone else, which would prevent their destruction as he fights to be allowed to possess the books. Consequently, Plaintiff has not met his burden of showing that he faces irreparable

harm and, therefore, his motion for injunctive relief (Doc. 3) will be denied in all respects.

## Disposition

**IT IS HEREBY ORDERED**, for the reasons stated, Plaintiff Bosak's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 3) is **DENIED**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400[2] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A separate Order will issue denying Plaintiff pauper status and prescribing how the fee shall be collected. No "strike" will be assessed for purposes of 28 U.S.C. § 1915(g).

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 3, 2016

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees-District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted *in forma pauperis* status, however, is exempt from paying the additional $50.00 fee.